The plaintiffs in these cases are medical officers of the United States Public Health Service. They challenge the refusal of the government to give them variable incentive pay under 37 U.S.C. §313 (1976). That statute authorized *586 the Secretary of Health, Education and Welfare to pay additional amounts above their salaries to medical officers in the Public Health Service who met specified criteria. By regulation, the Secretary has denied incentive pay to certain categories of medical officers, which included the plaintiffs. The plaintiffs challenge the validity of these regulations, asserting that were it not for those prohibitions, they would have received variable incentive pay.
The allegations in the present petitions and the legal theories on which the plaintiffs rely are identical to those in the recently decided case of Adair v. United States, 227 Ct. Cl. 345, 648 F.2d 1318 (1981). In Adair, we held that we did not have jurisdiction over such claims inasmuch as 37 U.S.C. § 313 leaves it to the discretion of the Secretary to determine whether to award incentive pay, so that the statute cannot "fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.” See United States v. Testan, 424 U.S. 392, 402 (1976), quoting from Eastport Steamship Corporation v. United States, 178 Ct. Cl. 599, 607, 372 F.2d 1002, 1009 (1967). Adair controls these cases and requires the same result as there, namely, dismissal of the petitions for lack of jurisdiction.
There is one minor difference between the case of the plaintiff Dr. Blattner (No. 706-81C) and that of the other three plaintiffs, but it is immaterial. The Secretary initially denied incentive pay for the latter three doctors. The Secretary, however, initially granted Dr. Blattner incentive pay. Several months later, apparently upon discovering his error, the award of incentive pay was cancelled, and Dr. Blattner was required to refund the money. Since under the regulations the Secretary was not authorized to make the payment to Dr. Blattner, the government was justified in cancelling the payment and recovering it. See Scharaga v. United States, 209 Ct. Cl. 728, 730 (1976).
The defendant’s motions to dismiss are granted, and the petitions are dismissed.